IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANTONIO JENKINS, #2143046 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19cv121 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

The above-entitled and numbered civil action was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation (Dkt. #11) in which she recommended that Petitioner's § 2254 habeas petition be denied and dismissed with prejudice. Petitioner did not file timely objections to the Report, and on July 26, 2021, the undersigned United States District Judge concluded that the findings and conclusions of the Magistrate Judge were correct, adopted the Report, denied Petitioner's habeas petition, and dismissed the case with prejudice (Dkts. ##13, 14).

In January 2022, Petitioner filed a "Motion Rule 60B.6," appearing to allege that he was in segregation during the fourteen-day period during which to file written objections to the Report and Recommendation and requesting that he be allowed to file objections to the Report (Dkt. #15). Petitioner did not outline or otherwise submit his substantive objections to the Report and Recommendation in the motion. The Court denied the motion but noted that Petitioner could file another Rule 60(b) motion outlining therein his objections to the Report (Dkt. #16). However, the Court advised Petitioner that any motion for relief from judgment under Rule 60 must be based on mistake, inadvertence, or manifest injustice (Dkt. #16).

On April 1, 2022, Petitioner filed substantive objections to the Report and Recommendation (Dkt. #18). In conjunction with the objections, Petitioner filed the same "Motion Rule 60B.6" that he filed earlier, seeking to file objections to the Report (Dkt. #19). As Petitioner has now filed substantive objections (Dkt. #18) to the Report, the Court construes the objections (Dkt. #18) and the "Motion Rule 60B.6" (Dkt. #19) as a single motion seeking relief from final judgment pursuant to Rule 60(b).[1]

Federal Rule of Civil Procedure 60(b) provides for relief from final judgments, orders, or proceedings. Fed. R. Civ. P. 60(b). The rule permits relief for six enumerated reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[1] Because Petitioner's objections and motion were filed more than twenty-eight days after judgment was entered, the Court construes them together as a motion for relief from the judgment under Federal Rule of Civil Procedure 60(b). *See Rogers v. McKee*, No. 9:06-cv-228, 2007 WL 2900545, at *2 (E.D. Tex. Oct. 1, 2007) (objections to magistrate judge's recommendation filed after dismissal of habeas petition construed as motion for relief from judgment) (citing *Bagley v. Bd. of Dirs.-Farmers Nat'l Bank*, 31 F. App'x 152 (5th Cir. 2001)); *see also McLemore v. Lumpkin*, No. 7:19-CV-00046-M-BP, 2021 WL 6274580, at *2 (N.D. Tex. Dec. 6, 2021), *report and recommendation adopted*, No. 7:19-CV-00046-M-BP, 2022 WL 35751 (N.D. Tex. Jan. 4, 2022).

A district court has jurisdiction to consider a Rule 60 motion in habeas proceedings so long as the motion "attacks, not the substance of the federal court's resolution of the claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). A motion that seeks to add a new ground for relief or attack the previous resolution of a claim on the merits is, in fact, a successive petition subject to the standards of 28 U.S.C. § 2244(b). *Id.* at 531-32; *see also Will v. Lumpkin*, 978 F.3d 933 (5th Cir. 2020) (a Rule 60(b) motion constitutes a successive habeas petition when it attacks a judgment on the merits of a previously filed petition). Because Petitioner's Rule 60(b) motion either raises new claims or attacks the Court's previous adjudication of his constitutional challenges, it must be dismissed as successive under 28 U.S.C. § 2244. Furthermore, Petitioner fails to allege or show that the Fifth Circuit has granted him permission to file a successive habeas petition as dictated by 28 U.S.C § 2244(b)(3)(A). Therefore, the Court lacks jurisdiction to consider Petitioner's Rule 60(b) motion. *Uranga v. Davis*, 879 F.3d 646, 648 n.3 (5th Cir. 2018) (the court lacks jurisdiction to consider the present motion unless leave to file the same is granted by the Fifth Circuit); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (§ 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition" until the appellate court has granted petitioner permission to file one).

Moreover, to the extent Petitioner seeks relief in the form of setting aside the judgment and reopening the case in order for the Court rule on his objections to the Report and Recommendation after a *de novo* review, the undersigned notes that, even if it were to use a *de novo* review of the objections, the Court would still agree with the Magistrate Judge's findings and conclusions.

3

It is accordingly **ORDERED** that Petitioner's Rule 60(b) motion (Dkts. ##18, 19) is **DISMISSED** for want of jurisdiction.

**SIGNED this 31st day of May, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE